

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*CRAIG CARPENITO*
*United States Attorney*

*SARA A. ALIABADI*
*Assistant United States Attorney*

*CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*
*401 Market Street, 4th Floor*
*Post Office Box 2098*
*Camden, New Jersey 08101-2098*

*856.757.5026*
*Fax: 856.968.4917*
*sara.aliabadi@usdoj.gov*

Megan J. Davies, Esquire
Law Offices of Megan J. Davies
38 North Haddon Ave.
Haddonfield, NJ 08033

July 17, 2019

Re: **Plea Agreement with William Carrillo**
CR. 19-00749-001 (RMB)

Dear Ms. Davies:

This letter sets forth the plea agreement between your client, William Carrillo, and the United States Attorney for the District of New Jersey ("this Office").

## Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from William Carrillo to an Information charging William Carrillo with conspiracy to distribute and to possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a mixture and substance containing a detectable amount of cocaine, and a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), in violation of 21 U.S.C. § 846. If William Carrillo enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against William Carrillo for his role in the drug distribution activities set forth in the criminal complaint, Mag. No. 18-2085 (JS). In the event, however, that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, William Carrillo agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by William Carrillo may be commenced against him, notwithstanding the expiration of the limitations period after William Carrillo signs the agreement.

## Sentencing

The violation of 21 U.S.C. § 846 to which William Carrillo agrees to plead guilty carries a statutory mandatory minimum prison sentence of 5 years, a statutory maximum prison sentence of 40 years, and a statutory maximum fine equal to the greatest of: (1) $5,000,000; or (2) twice the

amount of any pecuniary gain that any persons derived from the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon William Carrillo is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence William Carrillo ultimately will receive.

Further, in addition to imposing any other penalty on William Carrillo, the sentencing judge: (1) will order William Carrillo to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order William Carrillo to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order William Carrillo, pursuant to 18 U.S.C. § 3555, to give notice to any victim of his offense; (4) must order forfeiture pursuant to 21 U.S.C. § 853; (5) may deny William Carrillo certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (6) pursuant to 21 U.S.C. § 841(b)(1)(A), must require William Carrillo to serve a term of supervised release of at least 4 years, with a maximum of lifetime supervised release, which will begin at the expiration of any term of imprisonment imposed. Should William Carrillo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, William Carrillo may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

**Rights of This Office Regarding Sentencing**

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on William Carrillo by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of William Carrillo's activities and relevant conduct with respect to this case.

**Stipulations**

This Office and William Carrillo agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which is hereby made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or William Carrillo from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

**Waiver of Appeal and Post-Sentencing Rights**

As set forth in Schedule A, this Office and William Carrillo waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

**Forfeiture**

William Carrillo agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, he will forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 846 and any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. § 846 (the "Forfeitable Property").

William Carrillo agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. William Carrillo agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. William Carrillo understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, William Carrillo waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

**Immigration Consequences**

William Carrillo understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. William Carrillo understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. William Carrillo wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. William

Carrillo understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, William Carrillo waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

**Other Provisions**

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against William Carrillo. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against William Carrillo.

No provision of this agreement shall preclude William Carrillo from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that William Carrillo received constitutionally ineffective assistance of counsel.

**No Other Promises**

This agreement constitutes the plea agreement between William Carrillo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

*/s/ Sara A. Aliabadi*
By: SARA A. ALIABADI
Assistant U.S. Attorney
District of New Jersey

APPROVED:

NORMAN GROSS
Acting Attorney-in-Charge, Camden

I have received this letter from my attorney, Megan Davies, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

William Carrillo

Date: 8/15/19.

William Carrillo

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Date: 8/15/2019

Megan Davies, Esquire
Attorney for William Carrillo

**Plea Agreement With William Carrillo**

**Schedule A**

1. This Office and William Carrillo recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and William Carrillo nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2D1.1. William Carrillo agrees that the conspiracy he joined, and his relevant and readily foreseeable conduct, involved conspiring to distribute and possess with intent to distribute at least 1 KG but less than 3 KG of heroin. The parties agree that this results in a base offense level of 30. *See* U.S.S.G. § 2D1.1(c)(5).[1]

4. The above calculations notwithstanding, William Carrillo acknowledges he may qualify as a career offender pursuant to U.S.S.G. § 4B1.1. If the Court determines that William Carrillo qualifies as a career offender pursuant to U.S.S.G. § 4B1.1, the offense level becomes 34 and he falls within Criminal History Category VI. *See* U.S.S.G. § 4B1.1(b)(2).

5. As of the date of this letter, it is expected that William Carrillo will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and William Carrillo's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

6. As of the date of this letter, it is expected that William Carrillo will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in William Carrillo 's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) William Carrillo enters a plea pursuant to this agreement, (b) this Office in its discretion determines that William Carrillo's acceptance of responsibility has continued through the date of sentencing and William Carrillo qualifies for a 2-

---

[1] William Carrillo also acknowledges his role, as a member of the conspiracy, with respect to the distribution of cocaine and cocaine base. Specifically, William Carrillo acknowledges that as part of the conspiracy, on or about September 29, 2018, William Carrillo was arrested by the Camden County Police Department in the vicinity of the 400-500 blocks of Pine Street with a quantity of cocaine, a quantity of heroin, and a quantity of crack cocaine. However, this Office and William Carrillo agree that the specific amount of cocaine and cocaine base involved in the conspiracy that he joined, and his relevant and readily foreseeable conduct, after consideration of the involved heroin, does not change the overall base offense level.

point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) William Carrillo 's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to William Carrillo will be 31 if he is determined to be a career offender and 27 if he is not determined to be a career offender (collectively, "the agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departures or adjustments not set forth herein. William Carrillo reserves the right, however, to argue at Step III of sentencing for a downward variance pursuant to the factors set forth in 18 U.S.C. § 3553(a). This Office further agrees not to oppose a defense request to a downward variance that is limited to two levels below the offense level that the Court finds and determines in Step I of the sentencing process. Should William Carrillo seek to apply for an additional downward variance, however, this Office reserves the right to oppose any such application. Furthermore, in no circumstance will William Carrillo make any variance request or argument for a sentence that is below 92 months' incarceration.

9. William Carrillo knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if the sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 27. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if the sentence within or above the Guidelines range that results from the agreed total Guidelines offense level of 31. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.